**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1071-19T1

M.J.,

     Plaintiff-Respondent,

v.

R.S.[1],

     Defendant-Appellant.

Argued August 25, 2020 – Decided October 8, 2020

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0456-20.

R.S., appellant, argued the cause pro se.

Robert J. Bowman argued the cause for respondent (Schroll & Bowman, attorneys; Robert J. Bowman, on the brief).

---

[1] We use initials in order to protect the privacy of the parties.

PER CURIAM

On October 4, 2019, a Family Part judge denied defendant R.S.'s application for modification of alimony payable to plaintiff M.J. His current obligation is $877 bi-weekly, agreed to by consent in 2017, when the parties were represented by counsel. The original amount, arrived at when they were self-represented, was $2616 monthly. Defendant is again self-represented, although counsel represented him on the motion. We reverse and remand.

Defendant's points on appeal are:

> POINT 1
> DEFENDANT IS LOSING MONEY ON A MONTHLY BASIS.
>
> POINT 2
> REMOVE EX-WIFE AS BENEFICIARY OF COMPANY ISSUED LIFE INSURANCE POLICY.

Defendant's contentions are not entirely clear. He appears to be arguing that the judge who decided the matter did not acknowledge that his 2017 case information statement, which listed an estimated rental payment of $1700 a month, showed an anticipated shortfall. At the time, defendant lived in a property owned by his mother, and his financial obligations for the occupancy were minimal. The property is no longer available, having been sold.

Defendant's position is that since the theoretical loss has become real, it should have resulted in a modification.

Plaintiff had been institutionalized some sixteen months prior to the application. Defendant therefore also argued that since the alimony was not being used for plaintiff's living expenses, modification was warranted. We do not agree with the judge that the institutionalization, because at the time of the hearing, she was told plaintiff was about to be released back into the community, was not a factor worthy of consideration in defendant's change of circumstances motion. See Lepis v. Lepis, 83 N.J. 139, 146 (1980) (holding that an alimony agreement may be modified upon a showing of changed circumstances). There were also muddy references in the record to adjustments that would occur once defendant's pension was in pay status.

It was defendant's burden to establish, pursuant to Lepis, that some adjustment was necessary. Ibid. He failed to meet that burden in that his financial circumstances were the same when the 2017 agreement was negotiated, even if his case information statement filed at the time reflected an only theoretical shortfall. In fact, his rent obligation is actually $1400 a month, as opposed to the $1700 listed on that document.

A-1071-19T1

But plaintiff continues to be institutionalized and had been for more than a year before the motion was heard. Thus, defendant did demonstrate a significant change of circumstances as to plaintiff's needs. We reverse and remand the matter for the court to schedule a plenary hearing, and discovery as may be necessary, focused on the issue of plaintiff's ongoing financial status.

The findings of the Family Part are entitled to deference in light of its "special expertise in the field of domestic relations." Cesare v. Cesare, 154 N.J. 394, 412-13 (1998). We see nothing in defendant's claims of error with regard to his financial circumstances which would cause us to reverse the judge's decision. However, the court erroneously rejected plaintiff's status as an institutionalized person despite the self-evident change in her financial needs it would cause.

Defendant's remaining arguments do not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this decision.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4